UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

    Plaintiff,

v.                              Case No:   2:16-cv-720-FtM-99MRM

DELACRUZ DRYWALL PLASTERING &
STUCCO, INC. and BEAZER HOMES
CORP.,

    Defendants.
_____/

## **ORDER**

Pending before the Court is the Application for Clerk's Default against Delacruz Drywall Plastering & Stucco, Inc. (Doc. 40) filed on July 24, 2017. Plaintiff requests that the Clerk of Court enter a default against Defendant for its failure to respond to Plaintiff's Complaint. (*Id.* at 1-2).

In evaluating Plaintiff's request, the Court notes that the Clerk of Court previously entered a default against Delacruz Drywall Plastering & Stucco, Inc. (Doc. 22) for Defendant's failure to respond to Plaintiff's original Complaint. (*See* Doc. 19). In general, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Nonetheless, "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." (*Id.*). Here, Plaintiff filed an Amended Complaint to reference allegations raised by Defendant Beazer Homes Corp. in the Third Amended Complaint from the parties' underlying action. (*See* Doc. 34 at 1). Thus, the Court will address Plaintiff's current request for an entry of default against Defendant.

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, however, the Court must first determine whether Plaintiff properly effectuated service of process. *Chambers v. Halsted Fin. Servs., LLC*, 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiff has the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Fed. R. Civ. P. 4(h) provides the rules for serving a corporation. The Rule states that corporations must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h).

Fed. R. Civ. P. 4(e)(1) allows a defendant to be served within "a judicial district of the United States by . . . following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See also Safeco Ins. Co. of Ill. v. Mobley*, No. 6:12-cv-651-ORL-37DAB, 2012 WL 4932669, at *1 (M.D. Fla. Oct. 17, 2012).

In this instance, the affidavit of service indicates that process was served on "JUSTIN Delacruz as VICE PRESIDENT for Delacruz Drywall Plastering & Stucco, Inc., at the address of: 551 Owen Avenue North, Suite 14, Lehigh Acres, FL 33971, and informed said person of

2

the contents therein, in compliance with state statutes." (Doc. 40-1 at 2 (emphasis in original omitted)). Fla. Stat. § 48.081 governs service on corporations in Florida. Under Fla. Stat. § 48.081(a), corporations may be served by serving the corporation's "president or vice president, or other head of the corporation." Here, it appears that Plaintiff properly served Defendant Delacruz Drywall Plastering & Stucco, Inc. by serving the vice president of the corporation. *See id*. Moreover, Defendant has not pled or otherwise responded to this action, and the time to do so has passed. *See* Fed. R. Civ. P. 55(a). Thus, Plaintiff's Motion is due to be granted.

Accordingly, the Court hereby **ORDERS** that:

1) The Application for Clerk's Default against Delacruz Drywall Plastering & Stucco, Inc. (Doc. 40) is **GRANTED**.

2) The Clerk of Court is directed to enter a default against Delacruz Drywall Plastering & Stucco, Inc.

**DONE AND ORDERED** in Fort Myers, Florida on August 17, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties