UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

       Plaintiff,

v.                         Case No: 2:16-cv-720-FtM-38MRM

DELACRUZ DRYWALL
PLASTERING & STUCCO, INC. and
BEAZER HOMES CORP.,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Mid-Continent Casualty Company's Motion for Summary Judgment and Motion for Default Judgment. (Docs. 64; 78). Because Defendant Beazer Homes Corporation has withdrawn its response to the motion for summary judgment, the motion is unopposed. (Docs. 72; 74). Also before the Court is Mid-Continent's Response to Order to Show Cause on whether a declaration on its duty to indemnify is ripe for adjudication. (Doc. 80). These matters are ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

This is an insurance coverage dispute. (Doc. 53). Mid-Continent seeks a declaration under the Declaratory Judgment Act on its obligations and duties to Defendants Delacruz Drywall Plastering & Stucco, Inc. and Beazer Home Corporation. (Doc. 53).

Mid-Continent issued five commercial general liability policies to Delacruz. (Doc. 53; Docs. 36-1; 36-2; 36-3; 36-4; 36-5). Thereafter, Delacruz was hired by Beazer, a general contractor, to perform stucco work in the construction of single-family homes. (*See* Doc. 61-1). After the homes were built, homeowners brought claims against Beazer for defective construction. (*See* Doc. 61-1). Beazer then sued Delacruz in Florida state court for its part in the construction. (*See* Doc. 61-1). Beazer's claims include breach of contract, contractual indemnity, negligence, common law indemnity, and violating the Florida Building Code under Florida Statute § 553.84. (Doc. 61-1 at 1-14). Mid-Continent is currently defending Delacruz in the suit under a reservation of rights. (Doc. 64 at ¶ 8).

Mid-Continent brought this suit to clarify its duties as to Delacruz and Beazer in the underlying state court case. (Doc. 53). Mid-Continent has since voluntarily dismissed its claims against Beazer, leaving only its claims against Delacruz. (Doc. 74). The only remaining claims request a Court declaration that Mid-Continent has no duty to indemnify Delacruz for claims arising from the home construction. (Doc. 53).

Mid-Continent now moves for summary judgment and default judgment on its duty to indemnify Delacruz. (Docs. 64; 78). It argues that policy exclusions, which preclude coverage for Delacruz's work performed before specific dates, bar coverage for Delacruz's work in the underlying case. Mid-Continent thus argues that it has no duty to

indemnify Delacruz. Further, Mid-Continent contends that because it has no duty to indemnify Delacruz, it also has no duty to defend Delacruz.

After reviewing Mid-Continent's motions for summary judgment and default judgment, the Court decided it needed more briefing from Mid-Continent on whether entering a declaratory judgment on its duty to indemnify was ripe. (Doc. 79). The Court gave Mid-Continent the opportunity for extra briefing because it did not address the ripeness issue in either motion and its arguments hinge on the Court first deciding Mid-Continent's duty to indemnify. (Doc. 79). In response, Mid-Continent contends that a declaration on its duty to indemnify is ripe for review. (Doc. 80).

## STANDARD OF REVIEW

### A. Summary Judgment

A court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden to show there is no genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Even where a summary judgment motion is unopposed, the district court must ensure that the motion is supported by evidentiary materials. See *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

### B. Default Judgment

A district court may enter default judgment against a defendant who fails to plead or defend. Fed. R. Civ. P. 55(b)(2). A defaulted defendant is deemed to have admitted the well-pled allegations of fact. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245

3

(11th Cir. 2015). Entry of default judgment is only available if a sufficient basis exists in the pleadings. *Id*.

## DISCUSSION

The Court must first decide whether Mid-Continent's request for a declaration on its duty to indemnify is ripe for review. Mid-Continent contends the matter is ripe because its duty to indemnify is based "only on when Delacruz performed [its] work" and it is not based on a final adjudication in the underlying state case. (Doc. 80 at 3). The Court disagrees.

The Declaratory Judgment Act allows federal courts in "a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. But it imposes no duty on federal courts to make a declaration of rights. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). A "'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).

"The ripeness doctrine involves both jurisdictional limitations imposed by Article III's requirement of a case of controversy and prudential considerations arising from problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir. 1984). It "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th

Cir. 1997). It further "seeks to avoid entangling courts in the hazards of premature adjudication." *Id.* (citation omitted). Ripeness ultimately "goes to whether [a] district court had subject matter to hear the case." *Id.* at 591 (citation omitted).

To determine a claim's ripeness, courts consider two matters: (1) "the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake County, Fla.*, 842 F.3d 1324, 1329 (11th Cir. 2016) (internal quotations omitted). For an insurer's duty to indemnify, many district courts in the Eleventh Circuit have held "that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Interstate Fire & Cas. Co. v. McMurry Constr. Co., Inc.*, 6:16-CV-841-ORL-41TBS, 2017 WL 821746, at *3 (M.D. Fla. Mar. 2, 2017) (citing *Allstate Prop. and Cas. Ins. Co. v. Peluchette*, 15-CV-80325-KAM, 2015 WL 11438215, at *4 (S.D. Fla. July 30, 2015)); *see also Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (aggregating cases). Indeed, this Court has likewise found an insurer's duty to indemnify not ripe without a determination of the insured's liability. *See Safeco Ins. Co. of Illinois v. Tremblay*, 2:16-CV-837-FTM-38CM, 2018 WL 3648265, at *3 (M.D. Fla. Aug. 1, 2018); *Mid-Continent Cas. Co. v. G.R. Constr. Management, Inc.*, 278 F. Supp. 3d 1302, 1304 (M.D. Fla. 2017).

Here, Mid-Continent provides the Court no compelling reason to cut against its and its sister courts' prior decisions. Although Mid-Continent's argument that its duty to indemnify depends solely on when Delacruz performed its work may be accurate, it misses the point on ripeness. If Delacruz is not liable, it does not matter when Delacruz performed its work because indemnification is not required. Only time will tell how the

ongoing state court case plays out. Mid-Continent has also not identified any hardship it will suffer if the Court withholds consideration on this issue. (Doc. 80). Nor is it clear if Delacruz will even seek indemnification from Mid-Continent if Delacruz is found liable. Consequently, Mid-Continent's duty to indemnify is not ripe, and its claims requesting a declaration on its duty to indemnify are dismissed without prejudice.

As a result, Mid-Continent's arguments on its duty to defend Delacruz also fail because they hinge on the Court first deciding Mid-Continent's duty to indemnify. And although Mid-Continent argued that it had no duty to defend Delacruz in its motions, it never affirmatively sought this relief in its Second Amended Complaint. (Doc. 53). Instead, the Second Amended Complaint only sought a declaration on its duty to *indemnify* Delacruz. (Doc. 53). Therefore, there are no remaining claims and the case is dismissed in its entirety without prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiff Mid-Continent Casualty Company's Motion for Summary Judgment (Doc. 64) and Motion for Default Judgment (Doc. 78) are **DENIED.**

1. This case is **DISMISSED without prejudice**.
2. The Clerk of Court is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record